**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE LUIS MORALES LOPEZ,

Petitioner,

v.

Case No. 1:26-cv-03495-MIS-GBW

MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, in his official capacity as Attorney General of the United States; and WARDEN, in his official capacity as Warden of Torrance County Detention Center,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Jose Luis Morales Lopez's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 5, filed September 22, 2026. The federal Respondents filed a Response on November 2, 2026.[1] ECF No. 16. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 12. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Mexico who entered the United States without admission or parole through El Paso del Norte, Texas on or about December 13, 2022. See Am. Pet. ¶¶ 50-51 & Ex. B. Shortly thereafter he filed an I-589 Application for Asylum and Withholding of Removal and an application for Employment Authorization. Am. Pet. ¶ 52. He resided peacefully in the United States since then, with no criminal convictions and no missed immigration appointments or check-ins. Id. ¶ 55. On August 15, 2026, he was detained while returning home from work. Id. ¶ 53. Although the Amended Petition does not make clear who detained Petitioner, shortly after his initial detention United States Immigration and Customs Enforcement ("ICE") took custody of him, in whose custody he has remained since. Id. ¶¶ 53-54.

On September 16, Petitioner filed an initial Petition for a writ of habeas corpus in the Southern District of Florida. ECF No. 1. However, on September 17, 2026, that court struck the initial petition for lack of verification and directed Petitioner to refile the Petition. ECF No. 3. He did so on September 22, 2026. ECF No. 5. However, sometime between September 17, 2026, and September 22, 2026 (when he filed the Amended Petition), ICE transferred him from the Krome North Service Processing Center, in Miami-Dade County, Florida, to the Torrance County Detention Facility in Estancia, New Mexico, where he remains. See generally ECF Nos. 7-10.

On October 6, 2026, an Immigration Judge held a bond hearing. Order of the Immigr. Judge, ECF No. 16-5. The Immigration Judge found Petitioner to be a "flight risk" for several reasons Id. First, the Immigration Judge noted "unreconciled multi-state address discrepancies (Florida, Maryland, and Texas)." Id. Second, the Immigration Judge noted the "lack of a localized verifiable sponsor." Id. Third, the Immigration Judge noted "suspect and defective character documentation." Id. Finally, the Immigration Judge noted Petitioner had failed to file any

application for protective relief, which "leaves his legal prospects entirely unestablished and insufficient to ensure future compliance with court orders." Id. The Immigration Judge therefore concluded "no monetary bond or supervision conditions can safely ensure his future court appearances or compliance with court orders" and denied Petitioner's bond request. Id.

On October 19, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 13. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

**II. Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III. Discussion

In the Amended Petition, Petitioner argues that his detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), Am. Pet. at 60-68, and his procedural and substantive Fifth Amendment due process rights, id. at 69-78. He seeks immediate release or, in the alternative, an individualized bond hearing before an Immigration Judge. Id. at ¶ 85. Petitioner also seeks attorneys' fees and costs under the Equal Access to Justice Act. The Court notes that circumstances have changed since Petitioner filed the Amended Petition in that approximately two weeks after he filed the initial Petition, Respondents provided him with a bond hearing. See generally Am. Pet. & Order of the Immigr. Judge, ECF No. 16-5. Consequently, Respondents argue that 8 U.S.C. § 1226(e) serves as a jurisdictional bar that precludes the Court from reviewing the Immigration Judge's decision. Resp. at 2-3. Respondents then assert that detention during removal proceedings is constitutional and that, having had a bond hearing, Petitioner has received all the process he is due. Id. at 3-4 (citing, inter alia, Reno v Flores, 507 U.S. 292, 306 (1993)).

The Court notes that while it does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1.

Here, the Immigration Judge offers multiple reasons based on actual circumstances related to the Petitioner – i.e. discrepancies in his address, the absence of a sponsor, defective character references, and the absence of an application for protective relief. Order of the Immigr. Judge, ECF No. 16-5. In re Guerra, 24 I. & N. Dec. 37, 40-41 (BIA 2006), permits an Immigration Judge to consider a broad range of factors, and to give greater weight to one or more factors, so long as the decision is reasonable. Id. The Immigration Judge's decision makes clear he gave weight to Petitioner's absence of a fixed address, one of the Guerra factors, and also to Petitioner's absence of ties to the United States, including references and sponsors, which at least raises an inference of an absence family ties to the United States that would enable him to remain in the United States, another Guerra factor. Order of the Immigr. Judge, ECF No. 16-5. More, Petitioner does not reply to the Respondents' response or otherwise argue that his bond hearing was constitutionally inadequate. See generally ECF. Thus, the Court finds Petitioner received a constitutionally adequate bond hearing, which is all the process he is due under the Immigration and Nationality Act and Santillan Quiroz. 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)"). Further, the Court finds that the Immigration Judge's discretionary flight risk determination is not subject to judicial review. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL

1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Because the Court can discern no basis for habeas relief, the Petition must be denied.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 5, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE